# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| OMAR A. RAHMAN | CIVIL ACTION |
|---|---|
| VERSUS | |
| EXXONMOBIL CORPORATION | NO. 18-894-BAJ-RLB |

## ORDER

Before the Court is Plaintiff's Second Motion to Compel. (R. Doc. 29). The motion is opposed. (R. Doc. 39).

### I. Background

On October 9, 2018, Omar A. Rahman ("Plaintiff") commenced this employment discrimination action naming his former employer Exxon Mobil Corporation ("Defendant" or "Exxon") as the sole defendant. (R. Doc. 1, "Compl."). Plaintiff alleges that he "began employment with Defendant on or about February 13, 2017 as a Process Technician at Defendant's Baton Rouge Polyolefins Plant ('BRPO') and was terminated by Defendant on the basis of his race [black] on or about July 31, 2017." (Compl. ¶¶ 5-6). Plaintiff alleges that he "was singled out and intentionally discriminated against by Defendant in his training, his work environment and in his termination from employment because of Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1981a." (Compl. ¶ 19).

There appears to be no dispute that approximately six weeks after his hire date, Plaintiff began basic operating training at Exxon's training facility along with nine other trainees. Plaintiff passed the required written test and was then assigned to field training in the BRPO Polypropylene Unit ("Poly Unit" or "PP Unit") in April of 2017. Plaintiff does not allege any discrimination prior to his assignment to field training. There also appears to be no dispute that

Ray Crawford, who is white, was Plaintiff's assigned trainer. Plaintiff alleges that he received inadequate training from Mr. Crawford despite repeated complaints about the inadequate field training to Mr. Crawford's supervisors, including Second Line Supervisor Michael Bough and Area Superintendent Roger Dyer, who are both white. (Compl. ¶¶ 10-12).

Plaintiff alleges that while he was in field training, the entire field of supervisors for the BRPO Poly Unit were white, and black employees were excluded from "permanent assignment to an outdoor technical field position in this department on any of the work shifts" as a result of the "intentional design and actions" of employees at the BRPO Poly Unit. (Compl. ¶ 13). Plaintiff alleges that he "was intentionally subjected to inadequate training in the field" and that he failed the field training because of his race, not the pretextual reason provided by Defendant "that he lacked the knowledge necessary for employment as to the equipment, processes and procedures of the job." (Compl. ¶¶ 15-16). There appears to be no dispute that James LeBlanc was the only other trainee who trained with the BRPO Poly Unit at the same time as Plaintiff, and that Mr. LeBlanc, unlike Plaintiff, passed the field training and was offered permanent employment. Plaintiff alleges that Mr. Leblanc passed the training and was provided permanent employment because he is white. (Compl. ¶¶ 17-18).

On May 29, 2019, the Court entered an Agreed Protective Order governing the exchange of confidential information in this action. (R. Doc. 14). The Court set the deadline for the parties to complete non-expert discovery, including the filing of related motions, on August 20, 2019. (R. Doc. 12).

On July 19, 2019, Plaintiff served his Second Set of Interrogatories, Requests for Production, and Requests for Admission on Defendant. (R. Doc. 29-2 at 1-6). Exxon responded on the day before the close of non-expert discovery, August 19, 2019, and produced a redacted spreadsheet. (R. Doc. 29-2 at 7-24).

2

On August 26, 2019, Plaintiff sent a correspondence to Exxon setting a discovery conference to be held on September 3, 2019 with respect to Request for Production Nos. 27, 28, 29, and 30, and Interrogatory Nos. 21, 22, and 23. (R. Doc. 29-3 at 1-2). Plaintiff then rescheduled the discovery conference to be held on August 27, 2019 in light of the non-expert discovery deadline. (R. Doc. 29-3 at 3). Plaintiff represents in his motion that the parties held the discovery conference and eliminated disputes over Interrogatory No. 23 and Request for Production No. 30. (R. Doc. 29 at 2).

On August 27, 2019, Plaintiff filed a Sealed Motion for Leave to file Plaintiff's Second Motion to Compel Under Seal. (R. Doc. 25). The Court granted this motion on August 29, 2019 (R. Doc. 27), and Plaintiff's Second Motion to Compel was entered into the record that day. (R. Doc. 29).

On January 20, 2020, the Court issued a ruling on various discovery motions and denied Plaintiff's Second Motion to Compel as untimely. (R. Doc. 70). On reconsideration, the Court vacated its denial of the motion on the basis of untimeliness. (R. Doc. 80). The Court now addresses the merits of the motion, which seeks an order requiring supplemental responses to Interrogatory No. 21 and 22, and Request for Production Nos. 27, 28, and 29. (R. Doc. 29-1).

**II.     Law and Analysis**

   **A.     Legal Standards for Discovery**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within

3

this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Blanket assertions of a privilege are unacceptable, and the court and other parties must be able to test the merits of a privilege claim. *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982) (citing *United States v. Davis,* 636 F.2d 1028, 1044 n. 20 (5th Cir. 1981)).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.    Analysis**

The Court's January 20, 2020 Order generally limited the scope of information discoverable from Exxon pertaining to other employees to information bearing upon discrimination based upon race at the BRPO or BRPO's Poly Unit within three years of Plaintiff's termination (i.e., July 31, 2014 to July 31, 2017). (R. Doc. 70 at 7-9). Furthermore, the Order required Exxon to produce a privilege log or otherwise identify whether any documents have been withheld on the basis of its objections, with respect to the discovery requests at issue within 14 days of the date of this Order. (R. Doc. 70 at 10). The Court adopts

5

the foregoing analysis for the purposes of this Order. Subject to the foregoing, the Court will address the interrogatories, requests for production, and responses at issue.

**Interrogatory Nos. 21 and 22**

Interrogatory Nos. 21 and 22 collectively seek the identification of all trainees for the BRPO, all trainees who were assigned to the BRPO Poly Unit, and all trainees who ultimately received permanent employment at the BRPO Poly Unit, by race from January 1, 2010 to present. (R. Doc. 29-2 at 11-13). Exxon responded with various objections based on relevance, overbreadth, and vagueness, and referred Plaintiff to Exxon's responses to Interrogatory Nos. 4, 8, and 17 and Request for Production No. 24. (R. Doc. 29-2 at 4).

The Court has reviewed its ruling with respect to its Interrogatory Nos. 2-5 (requiring identification of work positions and employees for the period of July 31, 2014 to July 31, 2017, including the requested names, last known address and phone number, and race); Interrogatory No. 17 (finding Exxon satisfied interrogatory by identifying five individuals who were hired at BRPO and initially trained for and qualified on the BRPO Poly Unit between 2012-2016); Interrogatory No. 18 (finding Exxon satisfied interrogatory seeking identification of employees who trained with Plaintiff at the BRPO in February-April of 2017); and Request for Production Nos. 24-25 (requiring Exxon to un-redact the names of various current and former employees on its produced spreadsheet of all BRPO employees as of April 30, 2019). (R. Doc. 70 at 10-11, 13-14, and 19).

The Court agrees with Exxon that Interrogatory Nos. 21 and 22 seek information outside of the scope of discovery. The Court will limit the information sought by Interrogatory Nos. 21 and 22 to the identification of all individuals who were hired at BRPO, individuals who trained for the BRPO Poly Unit, and individuals who received offers between July 31, 2014 to July 31, 2017. While this information may overlap with Exxon's previous responses, the Court will

6

require a direct response to these interrogatories for the purposes of clarity. Exxon must provide the names, last known address and phone number, and race of each individual identified. Furthermore, Exxon must identify any of the foregoing individuals who qualified for continued employment, after completion of training, at the BRPO Poly Unit. This information must be provided separately from any other supplemental response regarding the produced spreadsheet discussed below.

**Request for Production Nos. 27 and 28**

Request for Production Nos. 27 and 28 seek the production of documents reflecting the information sought in Interrogatory Nos. 21 and 22. Exxon objected to the requests for production on various grounds, asserting that it "is impossible to determine exactly what is even being sought" through the requests. (R. Doc. 29-2 at 15-16). In response to Request for Production No. 29, however, Exxon produced a "redacted list of BRPO operators hired since January 1, 2013 with current employment statuses, races, and hire and termination dates," i.e., the spreadsheet at issue in this motion. (R. Doc. 29-2 at 16; *see* R. Doc. 29-2 at 20-24).

Plaintiff directs the Court's attention to this spreadsheet with respect to Request for Production Nos. 27 and 28. Plaintiff complains that this spreadsheet does not provide information for the years 2010-2011, redacts employee names, and contains unexplained abbreviations. (R. Doc. 29-1 at 7-8). While the Court is aware that the spreadsheet was not produced with respect to Request for Production Nos. 27 and 28, the Court will require Exxon to re-produce the spreadsheet at issue without redactions. (*See* R. Doc. 70 at 19). The unredacted version of the spreadsheet may be produced as "confidential" pursuant to the Agreed Protective Order. Exxon need not, however, produce any more information with respect to its employees for the years 2010-2011. Furthermore, Plaintiff may seek clarification of any abbreviations on the spreadsheet at Exxon's Rule 30(b)(6) deposition.

No additional response is required with respect to Request for Production Nos. 27 and 28. The required supplemental response above with respect to Interrogatory Nos. 21 and 22 will resolve any confusion with respect to which employees identified on the spreadsheet were hired at BRPO, trained for the BRPO Poly Unit, and received offers to work at the BRPO Poly Unit between July 31, 2014 to July 31, 2017. To the extent Plaintiff is seeking any additional information with respect to employee terminations, that information is not sought by these requests for production. The Court has separately found that Exxon's supplemental response to Interrogatory No. 17, which sought identification of persons terminated at the BRPO Poly Unit based upon test results, was sufficient. (R. Doc. 70 at 13-14).

**Request for Production No. 29**

Request for Production No. 29 seeks the production of all documents supporting Exxon's letter to the Louisiana Commission on Human Rights ("LCHR") dated October 9, 2017. (R. Doc. 29-2 at 5). The letter is attached to Plaintiff's motion. (R. Doc. 29-6). In relevant part, the letter provides that "20 of BRPO's 58 new hires since 2013 have been African American" and "all qualified except for Mr. Rahman." (R. Doc. 29-6 at 1).

In response to the discovery request, Exxon raised various objections, including privilege, ambiguity, and that the request was an improper "contention request" seeking all evidence in support of a prior statement. (R. Doc. 29-2 at 16). Notwithstanding these objections, Exxon produced a "redacted list of BRPO operators hired since January 1, 2013 with current employment statuses, races, and hire and termination dates," i.e., the spreadsheet at issue in this motion. (R. Doc. 29-2 at 16; *see* R. Doc. 29-2 at 20-24).

Plaintiff represents that Exxon clarified at the discovery conference "that the position statement referred to operators when it referred to all hires since 2013." (R. Doc. 29-1 at 9).

Plaintiff now argues that the produced spreadsheet must be incomplete because it reflects only 43 operators hired since 2013 as opposed to the 58 operators hired since 2013 refenced in the letter to the LCHR. (R. Doc. 29-1 at 9). It is unclear to the Court why there is a discrepancy between the number of operators identified in the spreadsheet and the number of operators identified in the letter to the LCHR. Exxon must supplement its spreadsheet to the extent that it erroneously left off any operators referenced in the LCHR letter. Otherwise, Plaintiff may explore the discrepancy at Exxon's Rule 30(b)(6) deposition. The Court will not require Exxon to produce any additional information in response to this request for production, however, as Plaintiff makes no argument that any additional information (other than the foregoing issue with respect to the discrepancy of the number of operators) was improperly withheld.

### III. Conclusion

Given the foregoing,

**IT IS ORDERED** that Plaintiff's Second Motion to Compel (R. Doc. 29) is **GRANTED IN PART and DENIED IN PART**. Exxon shall supplement its discovery responses as provided in the body of this Order within **7 days** of the date of this Order, or as otherwise agreed upon by the parties.

Signed in Baton Rouge, Louisiana, on February 11, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**