# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

OMAR A. RAHMAN                                    CIVIL ACTION

VERSUS

                                                 NO. 18-894-BAJ-RLB

EXXONMOBIL CORPORATION

## ORDER

Before the Court is Plaintiff's Motion to Reopen Discovery, Amend Pretrial Order and Continue Trial. (R. Doc. 81).  The motion is opposed. (R. Doc. 90).

On October 9, 2018, Omar A. Rahman ("Plaintiff") commenced this employment discrimination action naming his former employer Exxon Mobil Corporation ("Defendant" or "Exxon") as the sole defendant. (R. Doc. 1, "Compl.").  Plaintiff alleges that he "began employment with Defendant on or about February 13, 2017 as a Process Technician at Defendant's Baton Rouge Polyolefins Plant ('BRPO') and was terminated by Defendant on the basis of his race [black] on or about July 31, 2017." (Compl. ¶¶ 5-6).  Plaintiff alleges that he "was singled out and intentionally discriminated against by Defendant in his training, his work environment and in his termination from employment because of Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1981a." (Compl. ¶ 19).

As requested by the parties, the Court set the original deadline to complete non-expert discovery on June 21, 2019. (R. Doc. 8).  The Court extended this deadline to August 20, 2019 at Plaintiff's request. (R. Doc. 12).

In August of 2019, the parties filed several discovery motions pertaining to written discovery and Exxon's Rule 30(b)(6) deposition, which Plaintiff had noticed to take place on

August 20, 2019, the final day to complete non-expert discovery. (R. Docs. 20, 23, 29).  In

denying much of the written discovery sought by Plaintiff, and limiting the scope of the Rule

30(b)(6) deposition topics, the Court held that Plaintiff sought an overly broad amount of

statistical information in spite of Plaintiff's limited allegations of individual race discrimination

while employed with Exxon for less than six months. (R. Doc. 70; *see* R. Doc. 83).  The Court

ordered Exxon to provide supplemental responses by February 4, 2020, and set Exxon's Rule

30(b)(6) deposition to take place on or before February 20, 2020. (R. Doc. 70 at 24-25).  On

reconsideration of a portion of its ruling that denied one of Plaintiff's motions as untimely, the

Court ordered Exxon to supplement additional discovery responses by February 18, 2020. (R.

Doc. 84).

       On February 4, 2020, Plaintiff filed the instant motion. (R. Doc. 81).  In support of his

request for a new trial date, new pretrial order, and the reopening of discovery, Plaintiff asserts

that he needs additional time before trial for the following purposes:

> 1. To receive and analyze supplemented discovery submitted from Exxon, current deadline: February 4, 2020, which will undoubtedly require additional discovery of names previously undisclosed by Exxon;

> 2. To question and potentially depose Exxon's newly identified potential witnesses;

> 3. To obtain Exxon's corporate deposition transcript;

> 4. To follow up on the corporate representative testimony of Exxon's 30(b)(6) witness whose testimony will not be given until February 19, 2020;

> 5. To locate and contact any additional witnesses Mr. Rahman learns of from the corporate deposition and Exxon's supplemental written discovery responses.

(R. Doc. 81 at 4-5).  Plaintiff seeks an order providing the following:

> a. Authorizing discovery to be reopened for a period of ninety days after Exxon's corporate deposition is taken on February 19, 2020 until May 19, 2020;

   b. Allowing the parties to amend their pretrial order on or before June 18, 2020,
   thirty days after completion of the addition discovery period; and

   c. Continuing the trial to an appropriate opening on the trial court's docket at least
   thirty days after the pre-trial order is filed on June 18, 2020, on or after Monday
   July 20, 2020.

(R. Doc. 81 at 6).

   While Exxon does not oppose a continuance of the trial date, it opposes the reopening of

the discovery deadline and the setting of new pre-trial deadlines. (R. Doc. 90).  Among other

things, Exxon represents that it has provided the supplemental responses ordered, produced an

additional 2,357 pages of documents, and submitted to a Rule 30(b)(6) deposition on February

19, 2020. (R. Doc. 90 at 5).

   On March 3, 2020, the district judge held a status conference with the parties and reset

the pretrial conference for May 6, 2020, and for trial to commence on June 1, 2020. (R. Doc. 94).

   On April 20, 2020, the district judge referred the instant motion to the undersigned for

resolution. (R. Doc. 97).

   Plaintiff has had over two months to consider the scope of any additional limited

discovery he would seek in light of the Exxon's supplemental written discovery responses,

productions, and deposition testimony.  Plaintiff has not, however, sought leave to file a reply

memorandum identifying the specific scope of additional limited discovery that Plaintiff seeks to

obtain or otherwise addressing any of Exxon's arguments.  In particular, Plaintiff has also not

addressed why information received in a deposition that was noticed on the deadline to complete

discovery should warrant additional time to conduct further discovery.

   Based on the foregoing,

   **IT IS ORDERED** that Plaintiff must file a reply memorandum, not to exceed **5 pages**,

explaining the scope of additional limited discovery he seeks to obtain and otherwise addressing

the arguments raised in Exxon's opposition memorandum, on or before **April 27, 2020**.  No

further briefing on Plaintiff's motion will be allowed.

Signed in Baton Rouge, Louisiana, on April 21, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**